UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RICHARD ROGERS, Pro Se**

FILED
IN CLERKS OFFICE
2011 DEC 16 P 1:49

CIVIL ACTION

V.                                              NO.

**Complaint and Demand for Jury Trial**

**CITYGRID MEDIA, LLC – dba CITYSEARCH**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Richard Rogers, on personal knowledge as to its own actions and on information and belief as to the actions, capabilities, and motivation of others, hereby alleges as follows:

### NATURE OF CASE

1. On November 22, 2011 the Plaintiff became aware that on a daily basis, beginning on January 11, 2010, and continuing as of the date of this filing, the defendant engaged in the infringement of the Plaintiff's copyrighted photograph on a massive scale, by displaying the Plaintiff's photograph as an anchor image at its top ranked national website, www.citysearch.com and including the image in its fully indexed assets directory at the citysearch.net archive website.

2. The Defendant used the original photograph titled "66 Bus Crop for Web" as part of its for profit website, designed to advertise restaurants and businesses along the 66 bus route, as well as to advertise other national brands like American Express, the New York Times, Old Navy, and the Waldorf Astoria hotel, claiming the Plaintiff's copyrighted photograph as its own by falsely claiming copyright to the material at citysearch.com's website.

3. In a demonstration of willful, knowing, and deliberate copyright infringement, and after the Defendant was notified via certified mail on November 22, 2011 that unlicensed use of the photograph was a copyright violation, the defendant did on December 5, 2011 remove the image from two locations on the citysearch.com website where advertising revenue was being generated, but continued to keep the image posted online, at citysearch.net, for public display in its image assets directory, accessible via www, and indexed in popular search engines like google.com, bing.com and yahoo.com.

4. On account of its conduct, the Defendant is liable to the Plaintiff for copyright infringement. The Defendant is liable for direct infringement for unlawfully, and deliberately publishing and distributing the Plaintiff's copyrighted original photograph for commercial gain, and for claiming false copyright.

## Parties

5. The Plaintiff Richard Rogers, Pro Se, is a resident of Boston, Massachusetts and citizen of the United States.

6. The Defendant, CITYGRID MEDIA, LLC – dba CITYSEARCH, is a Deleware corporation, located in the United States.

## Jurisdiction

7. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1338 (a), (b).

## Facts

8. On November 22, 2011, the Defendant was discovered by the Plaintiff to have unlawfully obtained a photograph copyrighted to the Plaintiff [Exhibit A], copyright registration number VA 1-794-054, first published on August 6, 2005, and used a crop of the photograph as the anchor for its website promoting businesses on the 66 bus route located at: http://boston.citysearch.com/list/171681 [Exhibit B] and as a thumbnail at: http://images2.citysearch.net/assets/imgdb/guide/2010/1/8/0/zvXNjSkV166_60x60.jpeg [EXHIBIT C]

9. The use of the Plaintiff's copyrighted image at the citysearch.com website continued on a daily basis from January 10, 2010, and for approximately ten months until December 5, 2011. The image was used as the anchor image on the Defendant's website that was designed to promote national advertisers, and small businesses along the 66 bus route in order to generating advertising revenue from the website, for the Defendant.

10. The Defendant generated web traffic and foot traffic for local businesses listed on its website, such as L.A. Burdick Chocolate, La Morra, Le's Restaurant, and Pepper Pot, while profiting from the visitors who viewed the infringing photograph, and associated website through advertising revenue, promoting national advertisers that paid per click-through, and/or per impression, such as the New York Times, Old Navy, the Waldorf Astoria, and American Express. [Exhibit D]

11. The Defendants, claimed false copyright by claiming material belonging to Richard Rogers, and copyright to Richard Rogers, as copyright to Citysearch at the Defendant's website. [Exhibit E and G]

12. The Defendant willfully and knowingly used the Plaintiff's copyrighted photograph as its own, for purposes of commercial gain for at least 10 months. Since written notification and acknowledgement by the Defendant, copies of the infringing images have not been removed.

13. The Defendants willfully and knowingly used the Plaintiff's copyrighted photograph at its for profit website, and as of the date of filing it continues to post the image for public display at the following URLs located in its 'assets' and image database directory:

http://images2.citysearch.net/assets/imgdb/guide/2010/1/8/0/zvXNjSkV166.jpeg
http://images2.citysearch.net/assets/imgdb/guide/2010/1/8/0/zvXNjSkV166_60x60.jpeg
[Exhibit F]

14. On November 22, 2011 the Plaintiff sent certified mail to the Defendant with a cease and desist notice informing it of the copyright violation and requesting immediate removal of the copyright photograph displayed at the following URLs:

    http://boston.citysearch.com/list/171681
    http://my.citysearch.com/members/public/lists/luciakathryn
    http://images2.citysearch.net/assets/imgdb/guide/2010/1/8/0/zvXNjSkV166.jpeg
    http://images2.citysearch.net/assets/imgdb/guide/2010/1/8/0/zvXNjSkV166_60x60.jpeg.

    On December 5, 2011 the Defendant removed reference to two of the URLs listed, but continued to maintain and display the image in its assets directory on the citysearch.net website. [Also see Exhibit F]

15. Correspondence from Vivian W. Yang, from Citygrid Media dated December 2, 2011 falsely stated that the reported infringing materials were removed, and also falsely claimed protection from liability under the U.S. Digital Millennium Copyright Act [DMCA].

16. The DMCA states any party seeking the benefit of the limitations of liability in Title II must qualify as a "service provider." The citysearch.com website is not a service provider, nor is its parent company, Citygrid Media.

17. The Defendant claims in its own literature to be not a service provider, but to be, "the largest content and ad network for local." The citysearch.com website's business model is to use editors, contributors, and member's input, to create moderated and edited web pages where consumers can view this content, and ultimately generate advertising revenue for the Defendant and other interested parties.

18. Citysearch.com publishes a terms of service at this URL, http://www.citysearch.com/aboutcitysearch/users/terms_of_use [EXHIBIT G] containing elements that are contrary to those entities that are protected under the DMCA and defined as a "service provider".

19. The DMCA, Title II is designed to protect "service providers" that allow for unmonitored and unedited communication or expression by end users of its system. It is specifically noted in the DMCA that, "the content of the retained material must not be modified."

    In the citysearch.com terms of service it specifically states, "We may at any time in our sole discretion, move, edit, delete, or destroy any materials." Because citysearch.com edits the content of submissions, it is not eligible for protection as a "service provider." Citygrid Media, the owner or citysearch.com, is a media company and not a service provider.

20. Reasserting the fact that that citysearch.com is not a "service provider," under the terms of the DMCA, it still failed to remove the content after proper notification under DMCA procedures which state, "Upon receiving proper notification of claimed infringement, the provider must expeditiously take down or block access to the material."

21. Reasserting the fact that that citysearch.com is not a "service provider," under the terms of the DMCA, the DMCA requirements for a "service provider" who has the ability and right to control the infringing activity also state that, "it must not receive a financial benefit directly attributable to the infringing activity." The Defendant does, however, directly benefit and generates revenue from the display of the infringing materials, and benefited from advertising

revenue from national advertisers during the entire span of its display.

22. The defendant claims as its own, "all content," "including graphics," at the citysearch.com website. Section B, [Exhibit G] of citysearch.com's terms state under "Our Content", "We are the sole and exclusive copyright owners of the Properties and our content." This statement not only reaffirms the claim of false copyright in paragraph 11, and also further excludes citysearch.com as a "service provider," where uploaded content would remain the property of the end user.

23. The specific infringing content was posted not by an end user, nor a party unknown to the Defendant, but by an official, "Citysearch Editor" named, "Lucia Kathryn". Lucia Kathryn has the official status, "Citysearch Contributor." [Exhibit D]

24. The denotation of "Citysearch Contributor", means that the person writing, reviewing and posting the materials is an editor for citysearch.com. "Citysearch Contributors" are special editors selected by the Citysearch editorial staff to report on a local area, such as Allston, MA. Citysearch editors work for Citysearch and are not end users of the website.

WHEREFORE, the Plaintiff demands judgment against the Defendants for immediate and permanent injunctive relief, ordering the Defendant to return all copyright material and intellectual property to Richard Rogers and remove all copyright material from the Internet, or from any other media in publication that is controlled by the Defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendants for immediate and permanent injunctive relief, ordering the Defendant remove all false claims of copyright from citysearch.com.

WHEREFORE, the Plaintiff demands declaratory judgment against the Defendant stating that citysearch.com is not considered a service provider.

WHEREFORE, the Plaintiff demands judgment against the Defendants for the actual costs associated with resolving this issue, including court costs, filing fees, postage and service expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant for the Statutory Damages as an infringement that was committed willfully, under Sec. 504 (c) (2) and asks for an award as the court sees fit.

The Plaintiff demands a jury trial.

Respectfully Submitted:
RICHARD ROGERS, Pro Se
P.O. Box 230641
Boston, Massachusetts 02123
617-266-8998